UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

JOSEPH AGATE,

Plaintiff,

-against-

**CV 04 5457**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ DEC 16 2004
BROOKLYN OFFICE

**COMPLAINT**

**TRIAL BY JURY
DEMANDED**

**AMON, J.**

THE CITY OF NEW YORK, CITY OF NEW
YORK–PARKS and RECREATION and CITY PARKS
FOUNDATION,

Defendants.

------------------------------------------------------------------ X

LEVY, M.J.

The Plaintiff, by his attorneys, Pecoraro & Schiesel, as and for his Complaint against

the Defendants, alleges as follows:

## PARTIES & BACKGROUND

1. This is a personal injury action arising out of the defendants' negligence and violations of

New York State Labor Law Sections 200, 240 and 241. The plaintiff is seeking monetary

damages as a result of the grave injuries that he sustained due to the defendant's negligence and

statutory violations while plaintiff was dismantling a structure located inside Baisley Pond Park,

North Conduit Avenue at Baisley Boulevard South, Jamaica, Queens, New York.

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C

Sections 1332.

3. This Court has personal jurisdiction over the defendants as the defendants are domiciled in

New York and the acts complained of herein occurred on the defendants' property located within

the State of New York, County of Queens.

4. Venue is properly laid in the Eastern District of New York because the accident complained

of herein occurred in Queens County, New York.

5. At all times mentioned herein, the plaintiff was and still is a resident of the State of Florida,

County of Palm Beach.

6. At all times mentioned herein, the defendant, The City of New York, was and still is a municipal corporation or other legal entity duly organized under and existing by virtue of the laws of the State of New York.

7. At all times mentioned herein, the defendant, The City of New York, owned a certain Park commonly known as Baisley Pond Park, located on Conduit Avenue at Baisley Boulevard South, Jamaica, Queens, New York.

8. At all times mentioned herein, the defendant, the City of New York, was a contract vendee or otherwise received a monetary benefit from the public event at which plaintiff was caused to be injured.

9. At all times mentioned herein, the defendant, City of New York–Parks and Recreation, was and still is a legal entity created under and existing by virtue of the laws of the City and State of New York.

10. At all times mentioned herein, the defendant, City of New York–Parks and Recreation, maintained and/or controlled and/or operated a certain Park commonly known as Baisley Pond Park, located on Conduit Avenue at Baisley Boulevard South, Jamaica, Queens, New York.

11. At all times mentioned herein, the defendant, City of New York–Parks and Recreation, was a contract vendee or otherwise received a monetary benefit from the public event at which plaintiff was caused to be injured.

12. At all times mentioned herein, the defendant, City Parks Foundation, was and still is a domestic corporation duly organized under and existing by virtue of the laws of the State of New York.

13. At all times mentioned herein, the defendant, City Parks Foundation, was a contract vendee or received a benefit from the public event at which plaintiff was caused to be injured.

14. At all times mentioned herein, the defendants, jointly and severally owned, operated and controlled the property upon which and the public event at which the plaintiff was caused to be injured.

-2-

15. At all times mentioned herein, the plaintiff was employed as a welder, ride assembler/disassembler and laborer for Carr Carnivals, 12864 Biscayne Boulevard, Miami, Florida 33181.

16. That on or about May 17, 2004, at approximately 12:30 p.m.,during the course of his employment for Carr Carnivals, the plaintiff was caused to be struck on his head by a steel pin that fell off of a Ferris Wheel while he and a work crew were dismantling the Ferris Wheel on an elevated platform at the conclusion of a Carnival held for the benefit of the defendants at Baisley Pond Park, North Conduit Avenue at Baisley Boulevard South, Jamaica, Queens, New York.

17. That as a result of the aforementioned fall, the plaintiff was caused to sustain grave, severe and permanent personal injuries.

18. That the plaintiff duly served a Notice of Claim on the defendants on July 13, 2004 and again on July 14, 2004.

19. That the defendants conducted a 50-H hearing of the plaintiff on November 3, 2004.

20. That more than 30 days has elapsed since plaintiff served his Notice of Claim and had a 50-H hearing, but adjustment and/or payment has been neglected and/or refused.

21. That this action is being commenced against the defendants within one year and ninety days of the incidents complained of herein.

22. That the plaintiff has satisfied all conditions precedent to the commencement of this action against the defendants as required by the General Municipal Law.

## FIRST CLAIM FOR RELIEF

23. The plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the complaint marked and designated "1" through "22, inclusive, with the same force and effect as if set forth herein at length.

24. That the aforementioned occurrence resulted from the carelessness and negligence of the defendants, jointly and severely, by and through its agents, servants, and employees in that they failed and neglected to provide the plaintiff with a proper and safe elevated work site, including ladders, lifts, hoists, nets, slings, pulleys, scaffolds and other safety-related equipment; failed and neglected to follow the customs and usages common to the trade; failed and neglected to secure

the pin to the Ferris Wheel; allowed an object to fall from a height onto plaintiff's body; failed and neglected to properly inspect the work site and equipment provided to the plaintiff; in allowing plaintiff to suffer a gravity-related injury while dismantling a structure; failed and neglected to properly secure and brace the work site; failed and neglected failed to provide a safe place to work; and violated sections 200, 240 and 241 of the New York State Labor Law.

25. That plaintiff's injuries are caused solely and wholly by defendants' carelessness and negligence without any fault upon the plaintiff herein.

26. That by reason of the defendants' negligence, the plaintiff was rendered sick, sore, lame, bedridden, deformed and disabled, and still remains the same; sustained grave and permanent physical, mental, emotional, physiological, psychological, and neurological injuries; suffered, and will continue to suffer pain, anguish, anxiety and discomfort; was forced to expend and incur considerable expense and indebtedness for medical care, treatment, and observation, and was confined to bed and home due to said injuries, and continues to be unable to fully attend to his usual endeavors, activities, and interests, and has been otherwise damaged.

27. That this action falls within one or more of the exceptions set forth in Article 16 of the C.P.L.R.

28. As a result of the foregoing, plaintiff was damaged in a sum of money that a jury finds fair, just and equitable.

## SECOND CLAIM FOR RELIEF

29. The plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the complaint marked and designated "1" through "28", inclusive, with the same force and effect as if set forth herein at length.

30. That the aforementioned occurrence and resultant injuries were caused by the defendants' violations of section 200 of the New York State Labor Law.

31. That as a result of the violations of section 200 of the New York State Labor Law, the defendants are strictly and absolutely liable for the occurrence in question and the plaintiff's injuries.

-4-

32. That as a result of the defendants' statutory violations, the plaintiff has sustained a grave and permanent personal injury as hereinbefore mentioned.

33. That this action falls within one or more of the exceptions set forth in Article 16 of the CPLR.

34. As a result of the foregoing, the plaintiff was damaged in a sum of money that a jury finds fair, just and equitable.

### THIRD CLAIM FOR RELIEF

35. The plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the complaint marked and designated "1" through "34", inclusive, with the same force and effect as if set forth herein at length.

36. That the aforementioned occurrence and resultant injuries were caused by the defendants' violations of section 240 of the New York State Labor Law.

37. That as a result of the violations of section 240 of the New York State Labor Law, the defendants are strictly and absolutely liable for the occurrence in question and the plaintiff's injuries.

38. As a result of the defendants' statutory violations, the plaintiff has sustained a grave and permanent personal injury as hereinbefore mentioned.

39. That this action falls within one or more of the exceptions set forth in Article 16 of the CPLR.

40. As a result of the foregoing, the plaintiff was damaged in a sum of money that a jury finds fair, just and equitable.

### FOURTH CLAIM FOR RELIEF

41. The plaintiff repeats, reiterates and realleges each and every allegation contained in those paragraphs of the complaint marked and designated "1" through "40", inclusive, with the same force and effect as if set forth herein at length.

42. That the aforementioned occurrence and resultant injuries were caused by the defendants' violations of section 241 of the New York State Labor Law.

-5-

43. That as a result of the violations of section 241 of the New York State Labor Law, the defendants are strictly and absolutely liable for the occurrence in question and the plaintiff's injuries.

44. As a result of defendants' statutory violations, plaintiff has sustained a grave and permanent personal injury as hereinbefore mentioned.

45. That this action falls within one or more of the exceptions set forth in Article 16 of the CPLR.

46. As a result of the foregoing, plaintiff was damaged in a sum of money that a jury finds fair, just and equitable.

47. The plaintiff hereby demands a trial by jury on all claims for relief.

WHEREFORE, the plaintiff respectfully prays for judgment in an amount of money that a jury finds fair, just and equitable, together with interest, costs and disbursements.

Dated:    New York, N.Y.
December 15, 2004

Yours, etc.

Pecoraro & Schiesel
By: Steven G. Schiesel, Esq. (SS 4627)
Attorneys for Plaintiff
41 Madison Avenue—40th Floor
New York, New York 10010
(212) 344-5053

To:

The City of New York
Corporation Counsel
100 Church Street
New York, New York 10007

City of New York—Parks and Recreation
830 5th Avenue
New York, New York 10021

City Parks Foundation
830 5th Avenue
New York, New York 10021

-6-

## VERIFICATION

Steven G. Schiesel, an attorney duly admitted to practice law in the courts of the State of New York, affirms the following statements to be true under the penalty of perjury:

I am the attorney of record for the plaintiff in the within action. I have read the foregoing COMPLAINT and know the contents thereof; that the same are true to my own knowledge, except as to those matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

The reason that this verification is made by me and not by the plaintiff is that the plaintiff does not reside in the county in which I maintain my office.

Dated:       New York, New York
              December 15, 2004

_____
Steven G. Schiesel